Read, J.
The constitution declares “ that, in all criminal prosecutions, the accused hath a right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face; to have compulsory process for obtaining witnesses in his favor; *513 and, in prosecution by indictment or presentment, a speedy public trial by an impartial jury of the county or district in which the offense shall have been committed; and shall not be compelled to give evidence against himself, nor shall be put twice in jeopardy for the same offense. Thus careful has been the constitution to secure the pure and impartial administration of criminal justice, and to guard the accused from the possibility of oppression and wrong, under the forms of a criminal prosecution. It is his right to have a public trial, that he shalL meet the witnesses face to face, before the public; and that all that can be said or preferred against him, and all that can be said or urged in his favor, shall be in the hearing and presence of the public. The ^witnesses shall give their testimony in public, and the court shall declare the law in public; and the jury are sworn to render their verdict according to the law and the evidence thus publicly given. In no other way can the jury be advised of a fact or principle of law touching the case of the accused. It is his right thus to have everybody know for what he is tried and why he is condemned, and to witness the manner, tone, and temper of his prosecution, that he may be subjected to no other influence than truth and law, and that mercy which construes every doubt to his benefit. The court charged with his trial, have no right to hold any communication with the jury touching his case, except in the presence of the prisoner, and before the public. The court can not secretly communicate to the jury what they have said respecting the law of the case. It is the right of the accused to know and have the public know, that the court communicate no new principle of law which had not been before publicly declared, nor is he at all bound to trust to the court or judge in this matter. It is his great privilege, and no power can impair it.
What a complete prostration, then, is it, of the constitutional rights of the accused, that a single judge, during the temporary adjournment of the court, should go to the jury-room to explain to them what had been the charge of the court 1 It is not claimed that this judge acted from any other motive than a mistaken notion of duty. But this fact in no sense impairs the rights of the accused.
Judgment reversed, and cause remanded for further proceedings.